**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-00066

**REGINA MITCHELL, and
ALEXANDER MITCHELL**

Plaintiffs,

vs.

**CHAD STREBLOW, and FEDERAL BUREAU OF PRISONS.**

Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiffs, Regina Mitchell and Alexander Mitchell, by and through their attorneys,

Franklin D. Azar and Associates, P.C., for their Complaint against Defendants Chad Streblow

and the Federal Bureau of Prisons, states and alleges as follows:

## I.      PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Regina Mitchell (hereinafter, "Ms. Mitchell") is an individual and resident of

   the State of Colorado.

2. Plaintiff, Alexander Mitchell (hereinafter, "Mr. Mitchell") is an individual and resident of

   the State of Colorado.

3. At all times material to this claim, Chad Streblow (hereinafter, "Defendant Streblow")

   was a resident of Colorado.

4. At all times material to this claim, Chad Streblow (hereinafter, "Defendant Streblow")

   was an employee of the Federal Bureau of Prisons, state of Colorado.

5.  Defendant Federal Bureau of Prisons is the appropriate defendant under the FTCA. 28 U.S.C. §§ 1346(b), 2671, et seq.

6.  Defendant Federal Bureau of Prisons employed Chad Streblow.

7.  All federal officers referenced in this Complaint were at all relevant times employees of the United States, working within the scope and course of their employment with federal agencies including, but not limited to, the Federal Bureau of Prisons.

8.  On April 11, 2024, Plaintiffs submitted an administrative claim to the Federal Bureau of Prisons.

9.  The notice of claim provided notice to Defendant Federal Bureau of Prisons that the March 17, 2024, collision forming the basis of this lawsuit caused Plaintiff's injuries, damages, and losses.

10. There has been no final disposition of the Plaintiff's administrative claim and, as six months have passed since the submission of her claim, it is deemed finally denied, Title U.S.C. § 2675(a). Accordingly, Plaintiff has exhausted all potential administrative remedies.

11. This Court has jurisdiction over the subject matter of this Complaint under Title 28 U.S.C. § 2674, 1331, and Title 28 U.S.C. § 1346(b).

12. Venue is proper in this District under 28 U.S.C. § 1402(b) because Plaintiffs were on the property of the Federal Bureau of Prisons when the injury occurred.

## II.    GENERAL ALLEGATIONS

13. On March 17, 2024, Federal Bureau of Prisons was the registered owner of a 2019 white Jeep Cheroke.

2

14. On March 17, 2024, Defendant Streblow was operating a 2019 white Jeep Cheroke.

15. On March 17, 2024, Defendant Streblow was driving the Federal Bureau of Prisons vehicle.

16. On March 17, 2024, Ms. Mitchell was driving a red 2017 Jeep Cheroke.

17. On March 17, 2024, Defendant Streblow was traveling westbound on South Carr Street, just east of an unnamed road at the Englewood Federal Correctional Institute.

18. Prior to the collision, Ms. Mitchell and her passenger, Alexander Mitchell, was traveling northbound on an unnamed road, just south of S Carr Street at the Englewood Federal Correctional Institute.

19. Prior to the collision, Ms. Mitchell and Defendant Streblow had stop signs that controlled the intersection where the collision occurred.

20. As Ms. Mitchell and Mr. Mitchell traveled north on S. Hoyt Street, their vehicle approached the four-way stop at S. Hoyt and S. Carr.

21. They came to a complete stop and checked for traffic. Ms. Mitchell exercised caution by first looking left, then right.

22. To her right, she saw a white Jeep correctional officer patrol vehicle approximately 160 feet away.

23. Having the right of way, she eased her foot off the brake to proceed into the intersection.

24. Defendant Streblow failed to stop at his stop sign, causing his vehicle to collide with the left front corner of Ms. Mitchell's vehicle.

25. Defendant Streblow's vehicle came to a final stop facing northwest at the intersection.

26.  The road at the area of the collision was straight.

27.  The road at the area of the collision was level.

28.  At the time of the collision, there were no adverse weather conditions.

29.  At the time and place of the collision, it was daylight.

30.  At the time and place of the collision, the roads were dry.

31.  At the time and place of the collision, Defendant Streblow was operating the Federal Bureau of Prisons.

32.  Defendant Streblow did not stop as required at the stop sign.

33.  Defendant Streblow operated the Federal Bureau of Prisons vehicle unreasonably when the collision occurred.

34.  At the time of the collision, Defendant Streblow was an employee of the Federal Bureau of Prisons and an employee with the Federal Bureau of Prisons.

35.  At the time of the collision, Defendant Streblow was working in the course and scope of his employment with Defendant Federal Bureau of Prisons.

36.  Colorado traffic rules and regulations applied to Defendant Streblow at the time of the collision.

37.  Colorado traffic rules and regulations applied to Defendant Federal Bureau of Prisons employees at the time of the collision.

38.  At the time of the collision, Defendant Streblow failed to proceed with caution into the subject intersection.

39.  The collision caused bodily injury to Regina Mitchell.

40.  The collision caused bodily injury to Alexander Mitchell.

4

41. At the time of the collision, both plaintiffs were properly restrained.

42. The collision was the sole responsibility of Defendant Streblow.

43. Defendant Streblow had a duty to drive safely at all times.

44. At all relevant times, Defendant Streblow had an obligation to keep a careful lookout for other traffic on the roadway.

45. At all relevant times, Defendant Streblow had an obligation to see what was plainly visible.

46. At the time of the collision, Defendant Streblow was required to follow all traffic rules and regulations in effect.

47. At the time of the collision, Defendant Streblow operated the Federal Bureau of Prisons vehicle in disregard for the traffic regulations in effect.

48. Defendant Streblow's unreasonable acts at the time of the collision were in violation of his duty of reasonable care to other drivers on the road.

49. Defendant Streblow's unreasonable acts at the time of the collision were in violation of his duty of reasonable care to both plaintiffs.

50. Defendant Streblow's unreasonable conduct at the time of the collision was sufficient to cause and did cause injury to both plaintiffs.

51. Defendant Streblow had a duty to act as a reasonable driver while operating the Federal Bureau of Prisons vehicle.

52. Defendant Streblow did not meet his duty of reasonable care because he failed to proceed with caution into the intersection when the collision occurred.

53. The actions of Defendant Streblow caused bodily injury to both plaintiffs.

54. At the time of the collision, Defendant Streblow was acting within the course and scope of his employment with Defendant Federal Bureau of Prisons.

55. Defendant Federal Bureau of Prisons is vicariously liable for any negligent acts of its employee, Defendant Streblow, which caused or contributed to cause the collision.

56. No third party caused or contributed to the cause the collision.

57. No third party caused or contributed to cause either Plaintiff's injuries, damages, and losses.

58. Plaintiffs have not failed to mitigate their damages.

59. Plaintiffs have not been injured in unrelated incidents subsequent to the collision.

**FIRST CLAIM FOR RELIEF**
**(<u>Negligence by Regina Mitchell against Defendant Streblow</u>)**

60. Regina Mitchell incorporates all prior allegations as though fully set forth herein.

61. Defendant Streblow had a duty to drive as a reasonable person would under the same or similar circumstances.

62. Defendant Streblow breached his duty to drive reasonably as more fully described above.

63. As a direct, proximate, and foreseeable result of Defendant Streblow's conduct more fully described above, Ms. Mitchell suffered physical injuries.

64. As a direct, proximate, and foreseeable result of Defendant Streblow's conduct more fully described above, Ms. Mitchell suffered past damages, including physical pain and suffering, inconvenience, impairment, loss of enjoyment of life, mental anguish, wage loss, medical, and doctor bills in amounts to be determined at trial.

65. As a direct, proximate, and foreseeable result of Defendant Streblow's conduct more fully described above, Ms. Mitchell will suffer future economic and non-economic damages, including pain, inconvenience, impairment, loss of enjoyment of life, future loss of wages, mental anguish, medical, and doctor bills in an amount to be determined at the time of trial.

66. Under the Federal Tort Claims Act, the Bureau of Prison is liable to Plaintiff for negligence.

## SECOND CLAIM FOR RELIEF

### (Negligence *Per Se* by Regina Mitchell against Defendant Streblow)

67. Regina Mitchell incorporates all prior allegations as though fully set forth herein.

68. The acts and omissions of Defendant Streblow immediately prior to and at the time of the collision were in violation of applicable statutes of the State of Colorado.

69. Defendant Streblow's actions immediately before and at the time of the collision violated C.R.S. § 42-4-1402, "Careless Driving."

70. Ms. Mitchell was a person within the class of persons that these statutes were enacted to protect.

71. Defendant Streblow's violation of one or more statutes constitutes negligence *per se*.

72. As a direct, proximate and foreseeable result of the negligence *per se* of Defendant Streblow, Ms. Mitchell suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physician's bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at trial.

73. Under the Federal Tort Claims Act, the Bureau of Prison is liable to Plaintiff for negligence.

## THIRD CLAIM FOR RELIEF
### (*Respondeat Superior* by Regina Mitchell Against Defendant Federal Bureau of Prisons)

74. Regina Mitchell incorporates all prior allegations as though fully set forth herein.

75. Ms. Mitchell, upon information and belief, alleges that at all times pertinent to this action, Defendant Streblow was employed by and acting within the course and scope of his employment or some other agency relationship with Defendant Federal Bureau of Prisons.

76. Pursuant to the doctrine of *respondeat superior*, Defendant Federal Bureau of Prisons is legally liable and responsible for the negligent acts and omissions of its employee, Defendant Streblow, which occurred while he was acting within the course and scope of his employment with Defendant Federal Bureau of Prisons.

77. Defendant Federal Bureau of Prisons is legally liable and responsible for the injuries, damages and losses sustained by Ms. Mitchell that were caused by negligent acts and omissions of Defendant Streblow.

78. As a direct, proximate and foreseeable result the negligence of Defendant Streblow in the course and scope of his employment with Defendant Federal Bureau of Prisons, Mr. Mitchell suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earning and earning capacity, permanent injury, permanent disfigurement and permanent impairment in amounts to be determined at the

8

time of trial.

79.    Under the Federal Tort Claims Act, the Bureau of Prison is liable to Plaintiff for by

*respondeat superior*.

**FOURTH CLAIM FOR RELIEF**
(**Negligence Alexander Mitchell against Defendant Streblow**)

80.    Alexander Mitchell incorporates all prior allegations as though fully set forth herein.

81.    Defendant Streblow had a duty to drive as a reasonable person would under the same or

similar circumstances.

82.    Defendant Streblow breached his duty to drive reasonably as more fully described

above.

83.    As a direct, proximate, and foreseeable result of Defendant Streblow's conduct more

fully described above, Mr. Mitchell suffered physical injuries.

84.    As a direct, proximate, and foreseeable result of Defendant Streblow's conduct more

fully described above, Mr. Mitchell suffered past damages, including physical pain and

suffering, inconvenience, impairment, loss of enjoyment of life, mental anguish, wage

loss, medical, and doctor bills in amounts to be determined at trial.

85.    As a direct, proximate, and foreseeable result of Defendant Streblow's conduct more

fully described above, Mr. Mitchell will suffer future economic and non-economic

damages, including pain, inconvenience, impairment, loss of enjoyment of life, future

loss of wages, mental anguish, medical, and doctor bills in an amount to be determined

at the time of trial.

86.    Under the Federal Tort Claims Act, the Bureau of Prison is liable to Plaintiff for

9

negligence.

## FIFTH CLAIM FOR RELIEF

### (Negligence *Per Se* by Alexander Mitchell against Defendant Streblow)

87. Alexander Mitchell incorporates all prior allegations as though fully set forth herein.

88. The acts and omissions of Defendant Streblow immediately prior to and at the time of the collision were in violation of applicable statutes of the State of Colorado.

89. Defendant Streblow's actions immediately before and at the time of the collision violated C.R.S. § 42-4-1402, "Careless Driving."

90. Mr. Mitchell was a person within the class of persons that these statutes were enacted to protect.

    Defendant Streblow's violation of one or more statutes constitutes negligence *per se*.

91. As a direct, proximate and foreseeable result of the negligence *per se* of Defendant Streblow, Mr. Mitchell suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physician's bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at trial.

92. Under the Federal Tort Claims Act, the Bureau of Prison is liable to Plaintiff for negligence per se.

## SIXTH CLAIM FOR RELIEF
### (*Respondeat Superior* by Alexander Mitchell Against Defendant Federal Bureau of Prisons)

93. Alexander Mitchell incorporates all prior allegations as though fully set forth herein.

94. Mr. Mitchell, upon information and belief, alleges that at all times pertinent to this

action, Defendant Streblow was employed by and acting within the course and scope of his employment or some other agency relationship with Defendant Federal Bureau of Prisons.

95. Pursuant to the doctrine of *respondeat superior*, Defendant Federal Bureau of Prisons is legally liable and responsible for the negligent acts and omissions of its employee, Defendant Streblow, which occurred while he was acting within the course and scope of his employment with Defendant Federal Bureau of Prisons.

96. Defendant Federal Bureau of Prisons is legally liable and responsible for the injuries, damages and losses sustained by Mr. Mitchell that were caused by negligent acts and omissions of Defendant Streblow.

97. As a direct, proximate and foreseeable result the negligence of Defendant Streblow in the course and scope of his employment with Defendant Federal Bureau of Prisons, Mr. Mitchell suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earning and earning capacity, permanent injury, permanent disfigurement and permanent impairment in amounts to be determined at the time of trial.

98. Under the Federal Tort Claims Act, the Bureau of Prison is liable to Plaintiff for *respondeat superior*.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiffs, Regina Mitchell and Alexander Mitchell, respectfully request that this Court enter judgment in their favor and against all Defendants and grant the

following relief:

A.    Compensation for economic losses, both past and future.

B.    Compensation for noneconomic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future.

C.    Compensation for physical impairment and physical disfigurement.

D.    Compensation for other costs and expenses sustained or incurred, including expert witness fees.

E.    Attorneys' fees as provided by law.

F.    Pre-judgment and post-judgment interest as provided by law.

G.    Such further relief as the Court deems just and proper

DATED: January 7, 2026.                Respectfully submitted,


                                    **FRANKLIN D. AZAR AND ASSOCIATES, P.C.**


                                    /s/ *Rick Carmickle*
                                    Rick Carmickle, #20742
                                    14426 East Evans Avenue
                                    Aurora, CO 80014
                                    Phone Number: (303) 757-3300
                                    Fax Number: (303) 759-5203
                                    E-Mail: carmickler@fdazar.com
                                    *Counsel for Plaintiff*